UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. _____

| | |
|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, AIRBORNE COMMUNITIES, LLC, f.k.a. BRAGG COMMUNITIES, LLC, CORVIAS GROUP, LLC, AIRBORNE MANAGING MEMBER, LLC f.k.a BRAGG PICERNE PARTNERS, LLC, CORVIAS MILITARY LIVING, LLC and CORVIAS CONSTRUCTION, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, NAVIGATORS SPECIALTY INSURANCE COMPANY, EVANSTON INSURANCE COMPLANY, <br><br> Defendants. | **COMPLAINT** <br> Jury Demanded |

Plaintiffs Corvias Management-Army, LLC ("CM-A"), Airborne Communities, LLC *f.k.a.* Bragg Communities, LLC ("Airborne"), Corvias Group, LLC ("Corvias Group"), Airborne Managing Member, LLC *f.k.a* Bragg-Picerne Partners, LLC ("Bragg-Picerne"), Corvias Construction, LLC ("CC"), and Corvias Military Living, LLC ("CML")[1] by their counsel of record, allege as follows for their Complaint against the

---

[1] Throughout this Complaint, the plaintiffs are referred to collectively as the "Corvias Entities."

defendants Philadelphia Indemnity Insurance Company ("Philadelphia"), Navigators Specialty Insurance Company ("Navigators") and Evanston Insurance Company ("Evanston").

## Introduction

1. This case pits several insureds against their commercial general liability insurance carriers with respect to the insurers' duty to defend and their obligation to reimburse defense costs associated with an underlying action known as *Page, et al. v. Corvias Group, LLC, et al.*, Case No. 20-cv-00336-D, filed in the United States District Court for the Eastern District of North Carolina (the "*Page* Class Action").

2. The defendant insurance carriers acknowledged that they owed plaintiffs a duty to defend the *Page* Class Action, but they also reserved rights, which raised conflicts of interest that precluded the defendants from controlling plaintiffs' defense of the *Page* Class Action.

3. Consequently, the defendant insurance carriers were obligated to reimburse plaintiffs for the reasonable and necessary defense costs they incurred defending the *Page* Class Action. However, Philadelphia, Navigators and Evanston have not fully reimbursed plaintiffs for the reasonable and necessary defense costs associated with the defense of the *Page* Class Action.

4. Plaintiffs seek damages for breach of the duty to defend because defendants have failed and refused to reimburse plaintiffs for the reasonable and necessary defense costs incurred with respect to the *Page* Class Action.

## The Parties

5. Airborne is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Airborne was formerly known as Bragg Communities, LLC. Airborne is an insured under the policies at issue in this case.

6. Airborne's members include Bragg-Picerne and the United States Department of the Army, through the Secretary of the Army.

7. Airborne is the legal entity created by its members to carry out the privatized military family housing program at Ft. Liberty, North Carolina, as part of the Military Housing Privatization Initiative (MHPI) Act of 1996 – 10 U.S.C. § 2871 *et seq.* – which provides the United States Military Services with alternative authorities for the ownership, management, construction, and improvement of on-base military housing.

8. CM-A is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. CM-A is an insured under the policies at issue in this lawsuit.

9. CM-A is a wholly owned subsidiary of CML.

10. Bragg-Picerne is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Bragg-Picerne is an insured under the policies at issue in this lawsuit.

11. Bragg-Picerne is a wholly owned subsidiary of CML.

12. CC is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. CC is an insured under the policies at issue in this lawsuit.

13. CC is a wholly owned subsidiary of Corvias Holdings, LLC.

14. CML is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. CML is an insured under the policies at issue in this lawsuit.

15. CML is a wholly owned subsidiary of CL Intermediate, LLC, which is a wholly owned subsidiary of Corvias Military Solutions, LLC, which is a wholly owned subsidiary of Corvias Holdings, LLC.

16. Corvias Group is a Delaware limited liability company with its principal place of business at 310 Metro Center Blvd., Suite 204, Warwick, Rhode Island 02886. Corvias Group is an insured under the policies at issue in this lawsuit.

17. Corvias Group is wholly owned subsidiary of Corvias Holdings, LLC, which is a wholly owned subsidiary of JGP Business Holdings, LLC, which is wholly owned by the John G. Picerne Business Trust 2012, whose trustee is John G. Picerne, who is domiciled in the State of Florida.

18. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a Pennsylvania property and casualty stock company and a subsidiary of Philadelphia Consolidated Holding Corp., which is a member of the Tokio Marine Group. Philadelphia's

principal place of business is One Bala Cynwyd Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

19. Defendant Navigators Specialty Insurance Company ("Navigators") is a New York property and casualty stock company and a member of the Hartford Property and Casualty Group. Navigators' principal place of business is 1 Penn Plaza, New York, New York 10119.

20. Defendant Evanston Insurance Company ("Evanston") is a domestic surplus lines insurance company organized under the laws of Illinois, with its principal place of business in Rosemont, Illinois.

## Jurisdiction

21. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because this is action is commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress – namely, the United States Department of the Army, through the Secretary of the Army and as a member of Bragg-Picerne.

22. Venue is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## The Policies

23. From April 1, 2016, through April 1, 2020, Navigators, Philadelphia and Evanston issued a series of annual, commercial general liability insurance policies that named the Corvias Entities as insureds. (See Exhibits A, B, C, D and E.)[2]

24. Navigators issued Policy CE16CGL157302IC, effective April 1, 2016 to April 1, 2017, which provided primary commercial general liability insurance in favor of the plaintiffs. Relevant portions of the Navigators policy are attached as Exhibit A.

25. Philadelphia issued three (3) primary general liability insurance policies, having Policy Nos. PHPK1632992, PHPK1798659, and PHPK1964188 and having the policy periods of April 1, 2017 to April 1, 2018, April 1, 2018 to April 1, 2019, and April 1, 2019 to April 1, 2020, respectively. Relevant portions of the Philadelphia policies are attached as Exhibits B, C and D.

26. Evanston issued one (1) primary general liability insurance policy, having Policy No. MKLV5PBC001688, and having the policy period of April 1, 2020 to April 1, 2021. Relevant portions of the Evanston policy are attached as Exhibit E.

27. The policies issued by Navigators, Philadelphia and Evanston are primary commercial general liability policies (hereinafter referred to collectively as the "CGL Policies").

---

[2] Exhibits A, B, C, D and E to this complaint contain the relevant portions of the policies because the polices are voluminous. The Philadelphia policies are approximately 250 pages each.

## The *Page* Class Action

28. On June 24, 2020, the plaintiffs in the underlying *Page* Class Action filed their complaint. The underlying plaintiffs later filed a First Amended Complaint in the *Page* Class Action on August 31, 2020. A copy of the *Page* First Amended Complaint is attached as Exhibit F.

29. In the *Page* Class Action, the putative class representatives asserted eight (8) causes of action against the Corvias Entities:

> First Claim For Relief – North Carolina Residential Rental Agreements Act; Breach of Warranty of Habitability (brought by plaintiffs individually and for Subclass A against all defendants)
>
> Secon Claim For Relief – North Carolina Unfair and Deceptive Trade Practices Act (brought by plaintiffs individually and for the Class against all defendants)
>
> Third Claim For Relief – Breach of Contract (brought by plaintiffs individually and for Subclass A against all defendants)
>
> Fourth Claim For Relief – Breach of Implied Covenant of Good Faith and Fair Dealing (brought by plaintiffs individually and for Subclass A against all defendants)
>
> Fifth Claim For Relief – Negligence (brought by plaintiffs individually and for Subclass C against all defendants)
>
> Sixth Claim For Relief – Violation of Residential Lead-Based Paint Hazard Reduction Act (brought by plaintiffs individually and for Subclass A against all defendants)
>
> Seventh Claim For Relief – Temporary Recurrent Private Nuisance (brought by plaintiffs individually and for Subclass A, B & C against all defendants)
>
> Eight Claim For Relief – Declaratory and Injunctive Relief (brought by plaintiffs individually and for Subclass B against all defendants)

30. The Corvias Entities retained the law firm of Holland & Knight LLP to represent them and defend them in the *Page* Class Action.

31. Holland & Knight LLP defended the Corvias Entities in the *Page* Class Action, which culminated in the dismissal of the *Page* Class Action with prejudice on January 3, 2024.

32. Holland & Knight LLP's fees and costs incurred by the Corvias Entities in the defense of the *Page* Class Action were reasonable and necessary.

**Philadelphia, Navigators and Evanston Breach of Their Duty to Defend**

33. Immediately upon the filing of the *Page* Class Action, the Corvias Entities notified Navigators, Philadelphia and Evanston of the *Page* Class Action.

34. Navigators, Philadelphia and Evanston, individually, acknowledged a duty to defend the Corvias Entities with respect to the *Page* Class action, but reserved rights to deny indemnification as to certain causes of action in the *Page* Class Action Complaint, to deny coverage due to a variety of exclusions, and to deny indemnification for any damages on account of loss, injury, or damage due to intentional conduct on the part of the Corvias Entities.

35. The reservations of rights asserted by Navigators, Philadelphia and Evanston created conflicts of interest as between Philadelphia, Navigators and Evanston, on one hand, and the Corvias Entities, on the other, with respect to the defense of the *Page* Class Action.

36. The Corvias Entities controlled their defense in the *Page* Class Action and Holland & Knight LLP served as independent counsel.

37. Pursuant to their duty to defend, Philadelphia, Navigators and Evanston were obligated to reimburse the Corvias Entities for the reasonable and necessary defense costs of the *Page* Class Action.

38. Rather than reimburse the Corvias Entities for the reasonable and necessary defense costs, Philadelphia, Navigators and Evanston withheld payment of defense costs and attempted to negotiate concessions from the Corvias Entities as consideration for honoring their respective duties to defend.

39. The Corvias Entities, on the one hand, and Philadelphia, Navigators and Evanston, on the other, entered into a Tolling, Non-Waiver and Defense Cost Sharing Agreement by which the parties agreed to toll the running of any time-based defenses or issues, and reserve all rights while the underlying *Page* Class Action was pending.

40. Pursuant to the Tolling, Non-Waiver and Defense Cost Sharing Agreement, Philadelphia, Navigators and Evanson reimbursed the Corvias Entities for some, but not all, of the reasonable and necessary defense costs for the *Page* Class Action.

41. The defense of the *Page* Class Action concluded, and it was dismissed with prejudice on January 3, 2024.

42. The Corvias Entities seek to recover in excess of $75,000 as the measure of the remaining reasonable and necessary defense costs of the *Page* Class Action, which

Philadelphia, Navigators and Evanston have failed to reimburse, along with prejudgment interest and the costs associated with bringing this action.

## COUNT I:
## Breach of Contract Against Philadelphia

43. The Corvias Entities incorporate by reference the allegations set forth in paragraphs 1 through 42, as though fully set forth herein.

44. The insurance policies issued by Philadelphia to the Corvias Entities are contracts.

45. The Corvias Entities fully performed under the contracts and satisfied all conditions precedent to performance by Philadelphia.

46. Pursuant to the CGL Policies issued by Philadelphia, Philadelphia owed the Corvias Entities a duty to defend the *Page* Class Action.

47. Philadelphia breached its duty to defend the Corvias Entities in the following ways:

   a. While having acknowledged a duty to defend, Philadelphia failed to identify the fact and nature of the conflict of interest created by its reservation of rights;

   b. Philadelphia breached its duty to defend by virtue of its attempts to control the defense of the Corvias Entities in the *Page* Class Action, while at the same time having a conflict of interest by virtue of its reservation of rights; and

   c. Philadelphia breached its duty to defend by failing and refusing to reimburse the Corvias Entities for the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action.

48. The Corvias Entities have been damaged by Philadelphia's breach of contract.

49. The Corvias Entities are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## COUNT II:
## Breach of Contract Against Navigators

50. The Corvias Entities incorporate by reference the allegations set forth in paragraphs 1 through 42, as though fully set forth herein.

51. The insurance policy issued by Navigators to the Corvias Entities is a contract.

52. The Corvias Entities fully performed under the contract and satisfied all conditions precedent to performance by Navigators.

53. Pursuant to the CGL Policy issued by Navigators, Navigators owed the Corvias Entities a duty to defend the *Page* Class Action

54. Navigators breached its duty to defend the Corvias Entities in the following ways:

   a. While having acknowledged a duty to defend, Navigators failed to identify the fact and nature of the conflict of interest created by its reservation of rights;

   b. Navigators breached its duty to defend by virtue of its attempt to control the defense of the Corvias Entities in the *Page* Class Action, while at the same time having a conflict of interest by virtue of its reservation of rights; and

      c.      Navigators breached its duty to defend by failing and refusing to reimburse the Corvias Entities for the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action.

55. The Corvias Entities have been damaged by Navigator's breach of contract.

56. The Corvias Entities are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## COUNT III:
## Breach of Contract Against Evanston

57. The Corvias Entities incorporate by reference the allegations set forth in paragraphs 1 through 42, as though fully set forth herein.

58. The insurance policy issued by Evanston to the Corvias Entities is a contract.

59. The Corvias Entities fully performed under the contract and satisfied all conditions precedent to performance by Evanston.

60. Pursuant to the CGL Policy issued by Evanston, Evanston owed the Corvias Entities a duty to defend the *Page* Class Action.

61. Evanston breached its duty to defend the Corvias Entities in the following ways:

      a.      While having acknowledged a duty to defend, Evanston failed to identify the fact and nature of the conflict of interest created by its reservation of rights;

      b.      Evanston breached its duty to defend by virtue of its attempt to control the defense of the Corvias Entities in the *Page* Class Action, while at the same time having a conflict of interest by virtue of its reservation of rights; and

c.  Evanston breached its duty to defend by failing and refusing to reimburse the Corvias Entities for the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action.

62. The Corvias Entities have been damaged by Evanston's breach of contract.

63. The Corvias Entities are entitled to full reimbursement of the reasonable and necessary defense costs incurred in the defense of the *Page* Class Action, plus an award of attorney's fees for prosecuting this action and prejudgment interest.

## Jury Demand

The Corvias Entities demand a jury as to all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiffs Airborne Communities, LLC, Airborne Managing Member, LLC, Corvias Military Living, LLC, Corvias Construction, LLC, Corvias Group, LLC and Corvias Management-Army, LLC pray for the Court to enter judgment against defendants Philadelphia Indemnity Insurance Company, Navigators Specialty Insurance Company, and Evanston Insurance Company, and award the following relief:

1. With respect to Count I – Breach of Contract, find that Defendant Philadelphia Indemnity Insurance Company breached its duty to defend and award plaintiffs damages to be proven at trial and award pre-judgment interest, attorney's fees and costs associated with prosecuting this lawsuit;

2. With respect to Count II – Breach of Contract, find that Defendant Navigators Specialty Insurance Company breached its duty to defend and

award plaintiffs damages to be proven at trial and award pre-judgment interest, attorney's fees and costs associated with prosecuting this lawsuit;

3. With respect to Count III – Breach of Contract, find that Defendant Evanston Insurance Company breached its duty to defend and award plaintiffs damages to be proven at trial and award pre-judgment interest, attorney's fees and costs associated with prosecuting this lawsuit; and

4. Award such other relief as this Court deems just and proper.

Dated: November 20, 2024

Respectfully submitted:

/s/ Elliot A. Fus
Elliot A. Fus
BLANCO TACKABERY & MATAMOROS, P.A.
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
(336) 293-9011
Fax (336) 293-9030
eaf@blancolaw.com
North Carolina Bar No. 24240

Charles L. Philbrick (Notice of Special Appearance forthcoming)
Rathje Woodward, LLC
300 E. Roosevelt Road, Suite 220
Wheaton, IL 60187
(312) 451-6586
cphillbrick@rathjelaw.com

*Attorneys for Plaintiffs*