IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CORVAIS MANAGEMENT-ARMY, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 5:24-CV-00658-D-BM |
| | ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NAVIGATORS SPECIALTY INSURANCE COMPANY'S
ANSWER AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT**

Defendant Navigators Specialty Insurance Company ("Navigators") answers the complaint filed by plaintiffs Corvias Management-Army, LLC, Airborne Communities, LLC *f.k.a.* Bragg Communities, LLC, Corvias Group, LLC, Airborne Managing Member, LLC *f.k.a* Bragg-Picerne Partners, LLC, Corvias Construction, LLC, and Corvias Military Living, LLC (collectively the "Corvias Entities") as follows:

**INTRODUCTION**

1. The allegations of paragraph 1 constitute a characterization of this action to which no response is required. To the extent a response is required, Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the same, except that Navigators admits that the Page Class Action (as that term is defined in paragraph 1) was filed and bears case number 20-cv-00336-D.

2. The allegations of paragraph 2 constitute a characterization of this action to which no response is required. To the extent a response is required, Navigators denies the allegations of paragraph 2 except that Navigators admits that the Corvias Entities tendered the Page Class

Action to Navigators and that Navigators agreed to participate in the defense of that action subject to a full reservation of rights.

3. Navigators denies the allegations of paragraph 3.

4. Navigators denies the allegations of paragraph 4.

## THE PARTIES

5. Navigators admits that Bragg Communities, LLC is a named insured under the Navigators insurance policy and that, upon information and belief, Bragg Communities, LLC is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 concerning Airborne and therefore denies the same.

6. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6, and therefore denies the same.

7. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 7, and therefore denies the same.

8. Navigators denies that Corvias Management -Army, LLC is an insured under the Navigators insurance policy but admits, upon information and belief, that Corvias Army-Management, LLC is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, which are directed at entities other than Navigators, and therefore denies the same.

9. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10. Navigators admits that Bragg-Picerne Partners, LLC is a named insured under the

Navigators insurance policy and, upon information and belief, that it is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, which are directed at entities other than Navigators, and therefore denies the same.

11. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12. Navigators admits that Corvias Construction, LLC is a named insured under the Navigators insurance policy and, upon information and belief, that it is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, which are directed at entities other than Navigators, and therefore denies the same.

13. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies the same.

14. Navigators admits that Corvias Military Living, LLC is a named insured under the Navigators insurance policy and, upon information and belief, that it is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, which are directed at entities other than Navigators, and therefore denies the same.

15. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same.

16. Navigators admits that Corvias Group, LLC is a named insured under the Navigators insurance policy and, upon information and belief, that it is a Delaware limited liability company with its principal place of business in Rhode Island. Navigators lacks knowledge or

4938-4037-9417, v. 1

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, which are directed at entities other than Navigators, and therefore denies the same.

17. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies the same.

18. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies the same.

19. Navigators admits the allegations of paragraph 19.

20. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same.

## JURISDICTION AND VENUE

21-22. Navigators admits the allegations of paragraphs 21-22.

## THE POLICIES

23-24. Navigators admits that it issued policy number CE16CGL157302IC to Corvias Group LLC, Bragg Communities, LLC, Bragg-Picerne Partners, LLC, Corvias Construction, LLC, and Corvias Military Construction, LLC for the period April 1, 2016 to April 1, 2017, which policy speaks for itself. Navigators denies that Exhibit A is a true and correct copy of the Navigators' policy because all portions of that policy are not included in Exhibit A. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, which are directed at entities other than Navigators, and therefore denies the same.

25-26. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 25-26, which are directed at entities other than Navigators, and therefore denies the same, except that Navigators admits that documents identified as

4

4938-4037-9417, v. 1

portions of the Philadelphia and Evanston (as those terms are defined in the complaint) policies are attached as Exhibits B,C, D, and E which documents speak for themselves.

27. Navigators admits that policy number CE16CGL157302IC is a commercial general liability policy. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, which are directed at entities other than Navigators, and therefore denies the same.

## THE PAGE CLASS ACTION

28. Navigators denies the allegations of paragraph 28 except that Navigators admits that the Page Class Action (as that term is defined in paragraphs 28) was filed by a number of families and bears case number 20-cv-00336-D.

29. The allegations of paragraph 29 constitute a characterization of the claims in the Page Class Action to which no response is required. To the extent a response is required, Navigators admits the remaining allegations of paragraph 29.

30. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies the same.

31. Navigators admits the allegations of paragraph 31.

32. Navigators denies the allegations of paragraph 32.

### Philadelphia, Navigators, and Evanston Breach of Their Duty to Defend

33. Navigators admits that the Corvias Entities tendered the Page Class Action to Navigators. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, which are directed at entities other than Navigators, and therefore denies the same.

4938-4037-9417, v. 1

34. Navigators admits that it acknowledged the Corvias Entities' notice of the Page Class Action and that it responded to the tender of the Page Class Action in a written letter, which document speaks for itself. Navigator lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, which are directed at entities other than Navigators, and therefore denies the same.

35. Navigators denies the allegations of paragraph 35. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, which are directed at entities other than Navigators, and therefore denies the same.

36. Navigators denies the allegations of paragraph 36.

37. The allegations of paragraph 37 constitute legal conclusions to which no response is required. To the extent a response is required, Navigators denies the allegations of paragraph 37, except that Navigators states that the policy it issued is a written document, which speaks for itself. Navigators denies the allegations of paragraph 37 to the extent they contradict the terms of the policy.

38. Navigators denies the allegations of paragraph 38.

39. Navigators admits it was a party to a Tolling, Non-Waiver and Defense Cost Sharing Agreement, which is a written document and which, accordingly, speaks for itself. Navigators denies the remaining allegations of paragraph 39 to the extent they contradict the terms of that document.

40. Navigators admits that it reimbursed the Corvias Entities according to the terms of a Tolling, Non-Waiver and Defense Cost Sharing Agreement is a written document, and which speaks for itself. Navigators denies the remaining allegations of paragraph 40.

41. Navigators admits the allegations of paragraph 41.

4938-4037-9417, v. 1

42. The allegations of paragraph 42 constitute a description of the relief sought by the Corvias Entities to which no response is required. To the extent a response is required, Navigators denies that the Corvias Entities are entitled to the relief they request.

### COUNT I: Breach of Contract Against Philadelphia

43. Navigators incorporates by reference its responses to paragraphs 1-42.

44-48. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 44–48, which are directed at an entity other than Navigators, and therefore denies the same.

49. The allegations of paragraph 49 constitute a description of the relief sought by the Corvias Entities to which no response is required. To the extent a response is required, Navigators denies that the Corvias Entities are entitled to the relief they request.

### COUNT II: Breach of Contract Against Navigators

50. Navigators incorporates by reference its responses to paragraphs 1-49.

51. Navigators admits the allegations of paragraph 51.

52. Navigators denies the allegations of paragraph 52.

53. Navigators admits that it issued policy number CE16CGL157302IC to Corvias Group, LLC, Bragg Communities, LLC, Bragg-Picerne Partners, LLC, Corvias Construction, LLC, and Corvias Military Construction, LLC for the period April 1, 2016 to April 1, 2017, which policy speaks for itself. The remaining allegations of paragraph 53 constitute legal conclusions to which no response is required. To the extent a response is required, Navigators denies the remaining allegations of paragraph 53.

54-55. Navigators denies the allegations of paragraphs 54-55.

56. The allegations of paragraph 56 constitute a description of the relief sought by

the Corvias Entities to which no response is required. To the extent a response is required, Navigators denies that the Corvias Entities are entitled to the relief they request.

## COUNT III: Breach of Contract Against Evanston

57. Navigators incorporates by reference is responses to paragraphs 1-56.

58-62. Navigators lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 58–62, which are directed at an entity other than Navigators, and therefore denies the same.

63. The allegations of paragraph 63 constitute a description of the relief sought by the Corvias Entities to which no response is required. To the extent a response is required, Navigators denies that the Corvias Entities are entitled to the relief they request.

## JURY DEMAND

64. Paragraph 59 does not contain any allegations to which a response is required.

## Prayer for Relief

The language in the "WHEREFORE" section that follows paragraph 64 consists of a description of the relief sought by the Corvias Entities, to which no response is required. To the extent a response is required, Navigators denies that the Corvias Entities are entitled to the relief they request.

## DEFENSES

Navigators denies each allegation of the complaint that is not expressly admitted. In addition, Navigators asserts the following defenses without assuming the burden of proof where such burden would otherwise be on the Corvias Entities or another party.

### First Defense

Navigators generally denies liability as to the matters asserted against it in the complaint.

### Second Defense

The burden is on the person claiming coverage under policies issued by Navigators to prove the existence and extent of coverage under the terms of those policies.

### Third Defense

Coverage under the Navigators policy is barred to the extent that the entities against whom the underlying claims are asserted do not qualify as an "insured", "Named Insured", "Person Insured" or "Additional Insured" under the policy.

### Fourth Defense

Coverage under the Navigators policy is barred to the extent that the Page Class Action does not allege "property damage" as defined in the policy

### Fifth Defense

Coverage under the Navigators policy is barred to the extent that the Page Class Action does not seek damages because of "property damage" caused by an "occurrence."

### Sixth Defense

Coverage under the Navigators policy is barred to the extent that the amounts for which recovery is sought do not constitute sums that an insured is obligated to pay as "damages" within the meaning of the policy.

### Seventh Defense

Coverage under the Navigators policy is barred to the extent that the claims made in the Page Class Action constitute known losses or losses that were in progress when the Navigators policy issued.

4938-4037-9417, v. 1

### Eighth Defense

Coverage under the Navigators policy for the Page Class Action is barred to the extent that the policy contains an exclusion that provides, in the same or substantially similar language, that "this insurance does not apply to" "'[b]odily injury' or 'property damage' which would not have occurred, in whole or in part" or "'personal and advertising injury' which would not have taken place, in whole or in part" "but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."

### Ninth Defense

Coverage under the Navigators policy for the Page Class Action is barred to the extent that the policy contains an exclusion that provides, in the same or substantially similar language, that "this insurance does not apply to" "'[b]odily injury' or 'property damage' which would not have occurred, in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time" or "personal and advertising injury" arising out of "the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

### Tenth Defense

Coverage under the Navigators policy for the Page Class Action is barred to the extent that the policy contains an exclusion that provides, in the same or substantially similar language,

that "this insurance does not apply to . . . "Bodily injury" or "property damage" expected or intended from the standpoint of the insured."

### Eleventh Defense

Coverage under the Navigators policy for the Page Class Action is barred to the extent that the policy contains an exclusion that provides, in the same or substantially similar language, that "this insurance does not apply to . . . 'personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'"

### Twelfth Defense

Navigators' obligations under the Navigators policy, if any, are defined by the terms, provisions, conditions, exclusions, declarations, endorsements, limitations, definitions, and exclusions of the policy, including, without limitation, conditions precedent, limits of liability, per occurrence and aggregate limits, deductibles, self-insured retentions, policy periods, requirements of exhaustion of other insurance, and notice requirements. Navigators expressly reserves, and does not waive, its rights under all of the terms, limitations, definitions, conditions, and exclusions of the Navigators policy.

### Thirteenth Defense

To the extent that an insured failed to mitigate, minimize, or avoid any damages allegedly sustained, recovery against Navigators must be reduced by the amount attributable to such failure.

### Fourteenth Defense

Even if coverage is available to the Corvias Entities under the Navigators policy, such coverage being expressly denied, Navigators' obligations under the policy are limited to the

extent that the amounts potentially recoverable must be reduced or offset by recoveries the Corvias Entities have obtained from other sources, including, but not limited to, other insurers.

## Fifteenth Defense

Further, to the extent the Corvias Entities have entered into an agreement with another insurer that results in an allocation of defense costs that is inconsistent with North Carolina law, recovery against Navigators must be reduced by the amount attributable to such inconsistency.

## Sixteenth Defense

The Corvias Entities' claims against Navigators are or may be barred by the applicable statute or statutes of limitations.

## Seventeenth Defense

The Corvias Entities' claims against Navigators are or may be barred by the doctrines of estoppel, waiver, or laches.

## Eighteenth Defense

Navigators reserves the right to assert any other defenses as additional facts become known during investigation and discovery.

WHEREFORE, Navigators requests that this Court:

a. dismiss the complaint;

b. declare that Navigators has no further obligation to the Corvias Entities under the Navigators policy;

c. award Navigators its costs in this action; and

d. award Navigators all such other and further relief as may be just and proper.

## NAVIGATORS' COUNTERCLAIM FOR DECLARATORY RELIEF

Navigators Specialty Insurance Company ("Navigators") brings the following counterclaim against Corvias Management-Army, LLC, Airborne Communities, LLC *f.k.a.* Bragg Communities, LLC, Corvias Group, LLC, Airborne Managing Member, LLC *f.k.a* Bragg-Picerne Partners, LLC, Corvias Construction, LLC, and Corvias Military Living, LLC (collectively the "Corvias Entities") and alleges as follows:

### NATURE OF THE ACTION

1. The Corvias Entities were defendants in a class action lawsuit alleging that the Corvias Entities failed to meet their obligations to maintain on-base housing in Fort Bragg, North Carolina (the "Page Class Action"). Specifically, the operative complaint[1] in the Page Class Action alleged that the Corvias Entities "conspired to conceal harmful environmental and structural defects" which resulted in "mold exposure" and "personal injury damages." Page Class Action at ECF 30 ¶¶ 1, 3.

2. The Corvias Entities tendered the Page Class Action to four insurance carriers: Navigators, Philadelphia Indemnity Insurance Company ("Philadelphia"), Evanston Insurance Company ("Evanston"), and Illinois Union Insurance Company ("Chubb"). Each of these carriers agreed to participate in the defense of the Page Class Action subject to a full reservation of rights.

3. On January 3, 2024, the underlying plaintiffs voluntarily dismissed the Page Class Action with prejudice. Page Class Action at ECF 187.

---

[1] The initial complaint in the Page Class Action was filed on June 24, 2020. The underlying plaintiffs in that action filed a First Amended Complaint, the operative complaint, on August 31, 2020.

4. In this action, Navigators seeks declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining its rights, duties, and obligations in connection with the Page Class Action. Specifically, Navigators seeks a declaration that Navigators' reservation of rights in response to the Corvias Entities' tender presented no conflict of interest, that Navigators is obligated to pay only its fair and proportionate share of the defense costs incurred in connection with the Page Class Action, and that certain exclusions in the applicable Navigators policy bars coverage for the Page Class Action and relieve Navigators of any further duty to reimburse the Corvias Entities' defense costs in connection with the Page Class Action.

## THE PARTIES

5. Navigators is an insurance company organized and operating under the laws of the State of New York.

6. Corvias Management-Army, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

7. Airborne Communities, LLC f.k.a Bragg Communities, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

8. Airborne Managing Member, LLC f.k.a Bragg-Picerne Partners, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

9. Corvias Construction, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

10. Corvias Military Living, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

11. Corvias Group, LLC is a Delaware limited liability company with its principal place of business in Rhode Island.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the minimum amount in controversy exceeds $75,000, exclusive of costs and interest.

13. Venue is appropriate in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Navigators' claims occurred within this District.

## THE PAGE CLASS ACTION

14. On June 24, 2020, certain current or former tenants of on-base military housing in Fort Bragg, North Carolina, filed the Page Class Action in this Court. The Page Class Action is styled *Page, et al. vs. Corvias Group, LLC, et al.*, Case No. 5:20-cv-00336-D.

15. The underlying plaintiffs in the Page Class Action filed an amended complaint on August 31, 2020. *See* Page Class Action at ECF 30.

16. The amended complaint in the Page Class Action alleges that:

    a. The Corvias Entities were bound by a 50-year ground lease to "operate the housing at Fort Bragg in a good order and in a clean, safe condition at its expense, as a first-class residential rental development for tenants.'" *Id.* at ¶¶ 51, 59.

    b. The Corvias Entities represented that they were "committed to professional management and maintenance of the neighborhoods consistent with the standards of a market rate residential rental development in the surrounding area ." *Id.* at ¶ 61.

    c. Notwithstanding those agreements and representations, the Corvias Entities concealed and failed to address health and safety hazards created

15

Case 5:24-cv-00658-D-BM    Document 33    Filed 02/10/25    Page 15 of 19
4938-4037-9417, v. 1

by the presence of lead-based paint, *Id.* at ¶ 75, mold, *Id*. at ¶¶ 34-36, and structural defects. *Id*. at ¶¶ 102, 106, 117.

17. The amended complaint in the Page Class Action asserts causes of action for breach of warranty of habitability, UDTPA (unfair and deceptive trade practices), breach of contract, tort arising out of breach of contract, breach of implied covenant of good faith and fair dealing, negligence, violation of residential lead-based paint hazard reduction act, temporary recurrent private nuisance, and declaratory and injunctive relief. *Id.* at ¶¶ 224–299.

## THE DEFENSE OF THE PAGE CLASS ACTION

18. The Corvias Entities retained the law firm of Holland & Knight to defend them in the Page Class Action.

19. The Corvias Group tendered the Page Class Action to Navigators for defense and indemnity.

20. Navigators agreed to participate in the defense of the Page Class Action subject to a reservation of rights and pursuant to a Tolling, Non-Waiver and Defense Cost Sharing Agreement.

21. The Corvias Entities also tendered the Page Class Action to Philadelphia, Evanston, and Chubb. Each of those carriers agreed to participate in the defense of the Page Class Action subject to a reservations of rights and pursuant to the Tolling, Non-Waiver and Defense Cost Sharing Agreement.

22. The Page Class Action was dismissed with prejudice on January 3, 2024.

## THE NAVIGATORS POLICY

23. Navigators issued commercial lines policy number CE16CGL157302IC to Corvias Group, LLC, for the policy period from April 1, 2016 to April 1, 2017 (the "Navigators

Policy"). The Navigators Policy has a $1 million per occurrence limit and a $2 million aggregate limit.

24. Corvias Group, LLC, Corvais Management-Army, LLC, Bragg Communities, LLC, Bragg-Picerne Partners, LLC, Corvias Construction, LLC, Corvias Military Living, LLC are named insureds under the Navigators Policy.

### COUNT I: DECLARATORY JUDGMENT—NAVIGATORS HAS THE RIGHT TO CONTROL THE DEFENSE IN THE PAGE CLASS ACTION

25. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 24.

26. The Corvias Entities retained Holland & Knight to defend them against the Page Class Action.

27. Navigators agreed to participate in the defense of the Page Class Action, pursuant to the Tolling, Non-Waiver and Defense Cost-Sharing Agreement.

28. Pursuant to the Tolling, Non-Waiver and Defense Cost-Sharing Agreement, Navigators retained the right under the Navigators Policy to control the defense of the Page Class Action.

29. The Corvias Entities had the duty to cooperate with Navigators in connection with defending the Corvias Entities against the Page Class Action.

30. Navigators maintains that neither its reservation of rights nor the Tolling, Non-Waiver and Defense Cost-Sharing Agreement created a conflict of interest that precluded Navigators from controlling the Corvias Entities' defense.

31. The Corvias Entities, however, allege the reverse. *See* Complaint, ¶ 2.

17

Case 5:24-cv-00658-D-BM   Document 33   Filed 02/10/25   Page 17 of 19

32. There currently exists an actual controversy with respect to whether Navigators' reservation of rights under the Navigators Policy or its participation in the Tolling, Non-waiver and Defense Cost-Sharing Agreement, created a conflict of interest with respect to the Corvias Entities' defense.

WHEREFORE, Navigators respectfully requests that this Court (i) declare that Navigators' reservation of rights and participation in the Tolling, Non-Waiver and Defense Cost-Sharing Agreement did not create a conflict of interest between the Corvias Entities and Navigators' with respect to the Corvias Entities' defense and that, accordingly, the Corvias Entities are limited to recovery of their reasonable and necessary defense costs, as provided in the Navigators Policy and the Tolling, Non-Waiver and Defense Cost-Sharing Agreement; and (ii) afford Navigators such other and further relief as may be just and proper.

### COUNT II : DECLARATORY JUDGMENT—NAVIGATORS IS OBLIGATED TO ASSUME ONLY ITS FAIR AND PROPORTIONATE SHARE OF THE DEFENSE COSTS INCURRED IN CONNECTION WITH THE PAGE CLASS ACTION

33. Navigators incorporates by reference the allegations set forth in paragraphs 1 through 32.

34. Navigators agreed to participate in the defense of the Page Class Action subject to a full reservation of rights and the terms and conditions of the Navigators Policy and the Tolling, Non-Waiver and Defense Cost-Sharing Agreement.

35. Philadelphia, Evanston, and Chubb likewise agreed to participate in the defense of the Page Class Action subject to a full reservation of rights and the terms and conditions of their respective policies. Indeed, Chubb, agreed to serve as the "Lead Carrier" for purposes of determining what defense costs were necessary and reasonable and acknowledged, in the Tolling,

Non-Waiver and Defense Cost-Sharing Agreement that it issued a pollution liability insurance policy to Bragg Communities, LLC.

36. The Corvias Entities, however, have omitted Chubb from their complaint.

37. To the extent the Court determines pursuant to the complaint that Navigators and the other defendants must make additional contributions to the Corvias Entities' defense costs, Navigators maintains that its fair and proportionate share of such defense costs can only be determined if Chubb's time-at-risk is also considered.

38. Because the Corvias Entities have failed to include Chubb as a defendant, there currently exists an actual controversy with respect to the quantum of Navigators' fair and proportionate share of the defense costs incurred in connection with the Page Class Action.

WHEREFORE, Navigators respectfully requests that this Court declare that Navigators is obligated to pay only its fair and proportionate share of the covered costs incurred in the defense of the Page Class Action, and that in arriving at that fair and proportionate share, Chubb's time-at risk must also be considered, and afford Navigators such other and further relief as may be just and proper.

Dated: February 10, 2025

/s/ D.J. O'Brien III
D.J. O'Brien III
N.C. State Bar No. 35481
dobrien@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPREY & LEONARD, LLP
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Tel. (919) 839-0300
Fax: (919) 839-0304

*Attorney for Defendant*
*Navigators Specialty Insurance Company*

4938-4037-9417, v. 1