# EXHIBIT A

4911-7944-7334.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:24-CV-00658-D-BM

| | |
|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PHILADELPHIA INDEMNITY INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs Navigators Specialty Insurance Company ("Navigators") and Philadelphia Indemnity Insurance Company (PIIC), through counsel and pursuant to Federal Rule of Civil Procedure 14, allege as follows for their third-party complaint against Illinois Union Insurance Company ("Chubb").

### I.  Introduction

1.      This is a claim for declaratory relief pursuant to 28 U.S.C. § 2201 for the purpose of determining questions in actual controversy between Third-Party Plaintiffs Navigators and PIIC and Third-Party Defendant Chubb concerning their respective rights, duties and obligations under certain policies of insurance issued to the Plaintiffs in this action.

2.      On November 22, 2024, Plaintiffs Corvias Management-Army, LLC, Airborne Communities, LLC f.k.a. Bragg Communities, LLC, Corvias Group, LLC, Airborne Managing Member, LLC f.k.a Bragg-Picerne Partners, LLC, Corvias Construction, LLC, and Corvias Military Living, LLC (collectively, "Corvias") filed suit against their commercial general liability insurance carriers (the "CGL Insurers"), including Navigators and PIIC, concerning the

CGL Insurers' alleged obligation to reimburse additional defense costs associated with an underlying action known as *Page, et al. v. Corvias Group, LLC, et al.*, Case No. 20-cv-00336-D, filed in the United States District Court for the Eastern District of North Carolina (the "Page Class Action"). The Page Class Action concerned claims by military personnel that Corvias mismanaged military housing under its control and concealed defects from the families living in that housing.

3.     Corvias acknowledges in its Complaint that the CGL Insurers were party to a Tolling, Non-Waiver and Defense Cost Sharing Agreement pursuant to which the CGL Insurers paid - Corvias's defense costs in the Page Class Action. Corvias omits, however, any mention of Illinois Union Insurance Company ("Chubb"), which was also a party to the Tolling, Non-Waiver and Defense Cost Sharing Agreement. Chubb issued a Premises Pollution Liability policy to Corvias covering the period from August 2018 to August 2021.

4.     Navigators and PIIC maintain that Chubb, as an insurer of Corvias during the relevant time period, should be included in any declaratory action concerning (i) the necessity and reasonableness of Corvias's legal fees and (ii) the liability of each of Corvias's insurers for those fees. Accordingly, Navigators and PIIC seek a declaration that Chubb must bear its proportional share of the reasonable and necessary defense costs associated with the Page Class Action, to the extent the Court determines that any defense costs beyond those already paid to Corvias are reasonable and necessary, or, alternatively, that Corvias must bear Chubb's share.

## II.     Parties

5.     Third-Party Plaintiff Navigators is an insurance company organized and operating under the laws of the State of New York with a principal place of business at 110 Plaza, New York, New York.

6. PIIC is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania.

7. Third-Party Defendant Chubb is an insurance company organized and operating under the laws of the State of Illinois with a principal place of business in Pennsylvania.

### III. Jurisdiction and Venue

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and Federal Rule of Civil Procedure 14 because (1) the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, and (2) Navigator's claim for declaratory judgment against Third-Party Defendant Chubb arises out of the transaction and occurrence that is the subject matter of plaintiff Corvias's claims against the CGL Insurers.

9. Venue is appropriate in this district under § 28 U.S.C. § 1319(b)(1) because the Third-Party Defendant Chubb is a corporate entity that can sue or be sued in its own name and is subject to personal jurisdiction in the District of North Carolina.

### IV. The Dispute

10. On June 24, 2020, three members of the United States Army filed a lawsuit against Corvias on behalf of themselves and a class of military personnel living in military housing at Fort Bragg in North Carolina. The plaintiffs in the Page Class Action alleged that Corvias "conceal[ed] potentially harmful environmental and structural housing defects from unsuspecting service members and their families and failed to comply with applicable building and housing codes." Page Class Action, ¶ 1.

11. Corvias tendered the Page Class Action to Chubb and to the CGL Insurers.

12.    Chubb issued a premises pollution policy to Corvias covering the period from August 1, 2018 to August 1, 2021.[1]

13.    Effective April 7, 2023, Chubb, the CGL Insurers, and Corvias entered into a Tolling, Non-Waiver, and Defense Cost Sharing Agreement (the "Agreement"), pursuant to which Chubb and the CGL Insurers agreed to contribute particular portions of the reasonable and necessary defense costs Corvias incurred in the Page Class Action.  *[-------REDACTED----]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[-------REDACTED----].*

14.    *[--------------------------------------REDACTED---------------------------------]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[--------------------------------------REDACTED----------------------------------------------------]*

*[---------------------REDACTED---------------------------------]*

15.    Corvias has filed a declaratory action against the CGL Insurers asserting that the contributions that they and Chubb made to Corvias's defense are insufficient and that Corvias has additional reasonable and necessary fees and costs that the CGL Insurer should cover.

16.    Navigators and PIIC maintain that in the event the Court determines that the reasonable and necessary fees and costs incurred by Corvias is greater than the total paid by the

---

[1] On information and belief this policy was a renewal of a prior premises pollution policy issued by Chubb to Corvias.

CGL Insurers and Chubb, then Chubb should bear its proportionate share of the different between what was paid and what the Court determines is reasonable and necessary.

## COUNT I
## DECLARATORY JUDGMENT AS TO CHUBB

17. Navigators and PIIC incorporates by reference the allegations contained in paragraphs 1 to 16 of their Third-Party Complaint as though fully set forth herein.

18. There currently exists an actual controversy between Navigators and PIIC and Chubb as to whether Chubb must continue to share in Corvias's defense costs for the Page Class Action notwithstanding Corvias's decision not to include Chubb in its Declaratory Action.

WHEREFORE, Navigators requests that this Court enter a judgment declaring that:

(i) Chubb is required to pay its proportional share of the reasonable and necessary fees that Corvias incurred in the course of the Page Class Action;

(ii) to the extent the Court determines that the amount of reasonable and necessary fees incurred by Corvias is greater than what the CGL Insurers and Chubb have already contributed, then Chubb must contribute its proportional share of that additional amount; [or alternatively, that Corvias must contribute Chubb's proportional share.]

(iii) such other relief as the court deems just and proper.

Dated: March 10, 2025

_/s/ D.J. O'Brien III_
D.J. O'Brien III
N.C. State Bar No. 35481
dobrien@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPREY & LEONARD, LLP
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Tel. (919) 839-0300

_Attorney for Defendant_
_Navigators Specialty Insurance Company_

_/s/ David L. Brown_
David L. Brown
N.C. State Bar No.: 18942
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, NC 27408
Telephone No.: (336) 419-4902
Facsimile No.: (336) 419-4950
dbrown@goldbergsegalla.com
_Attorney for Philadelphia Indemnity_
_Insurance Company_