IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 5:24-CV-00658-D-BM |
| v. | ) ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**NAVIGATORS SPECIALTY INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE COUNTERCLAIMS**

On February 10, 2025, Navigators Specialty Insurance Company ("Navigators") filed its Answer and Counterclaim to Plaintiffs' Complaint [D.E. 33]. More than a month later and after belatedly receiving an extension of time to reply to the Counterclaim, the Plaintiffs ("Corvias") moved to strike both counts of the Counterclaim [D.E. 44]. Navigators opposes the motion. *See* Local Civil Rule 7.1(e).

I.  Introduction

Corvias filed its Complaint in late 2024, alleging that three insurance companies breached contracts (insurance policies) [D.E. 8]. Corvias alleged that under the insurance policies, the three insurers were obligated to pay for all work performed by Corvias's preferred defense counsel (Holland & Knight LLP) at full price. Compl. ¶¶ 30–63.

As part of its responsive pleading, Navigators counterclaimed. Answer at 13–19 [D.E. 33]. The Counterclaim seeks declaratory relief about two things that Corvias omitted from its Complaint. First, it explains that Corvias bought potentially applicable insurance from *four* insurers, not just the three defendants here, and seeks a declaration that the fourth insurer's share

should affect any damages award. *Id.* ¶ 3, 33–38. Second, it explains that the core of the dispute with Corvias is over whether Navigators was legally entitled to control Corvias's defense (or whether Corvias was entitled to control its own defense using its preferred defense counsel). *Id.* ¶¶ 25–32. Resolving these issues "(i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F. 3d 963, 965 (4th Cir. 1994) (internal quotation marks omitted).

Corvias's motion to strike the counterclaim should be self-defeating. The motion misapplies what little law Corvias can muster in its memorandum. But, even if Corvias had the right legal test, Navigators's counterclaims are neither "redundant" nor "futile"; they affirmatively plead the core legal questions over which the parties have an actual controversy. And Corvias does not even try to argue that litigating these issues directly would "prejudice" Corvias. Mem. at 8 (quoting *Simaan, Inc. v. BP Prods. N. Am., Inc.*, 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005)). Corvias hypothesizes that it might "waste … time" or "harm … judicial efficiency," but offers no reason why. *Id.* at 9. If Corvias were serious about hurrying this litigation and preserving judicial resources, it would not have filed its motion to strike; it would have proceeded on the merits.

II. Argument

A. Applicable Standard

Courts may strike or dismiss counterclaims which are "redundant" to claims presented in the Complaint, "immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). "Redundant counterclaims are factually identical to the claims presented by the plaintiff; disposition of the claims presented by plaintiff will render a redundant counterclaim moot." *Scottsdale Ins. v. B & G*

*Fitness Ctr., Inc.*, 2015 WL 4641530, at *2 (E.D.N.C. Aug. 4, 2015) (citing *Superior Performers, Inc. v. Ewing*, 2015 WL 3823907, at *3 (M.D.N.C. June 19, 2015)).

In deciding whether to strike a counterclaim for declaratory relief, this Court should consider whether Navigators is "adequately protected" without the counterclaim—whether Navigators will have "the ability to have the issues that are raised by the [counterclaim] fully adjudicated." Wright & Miller, 6 *Fed. Prac. & Proc. Civ.* § 1406 (3d ed.). When both the claim and the counterclaim are about the same "contract" but "the question sought to be adjudicated by defendant's request for declaratory relief is not identical to that raised by plaintiff's claim," "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." *Id*. That is, a matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Billips v. NC Benco Steel, Inc.*, 2011 WL 4829401, at *1 (W.D.N.C. Oct. 12, 2011).

For example, in *Superior Performers*, the plaintiff sought to enforce certain restrictive covenants and the defendant sought a declaration that the restrictive covenants were void. 2015 WL 3823907, at *3. The Middle District of North Carolina denied the motion to strike the counterclaim, because declining to enforce the restrictive covenants might not fully resolve whether the restrictive covenants are void. *Id*.

Similarly, in *Scottsdale*, the underlying plaintiffs sought emotional-distress damages for B&G Fitness's installation of cameras in a tanning bed area that recorded women undressing. 2015 WL 4641530, at *1. Scottsdale sued B&G Fitness, seeking a declaration that Scottsdale owed no insurance coverage. *Id*. B&G Fitness counterclaimed, seeking a declaration that Scottsdale owed coverage. Acknowledging that the parties' claims were "likely redundant," the Court nevertheless

denied the motion, holding that there remained "the possibility that the counterclaim will raise different or additional issues," especially "early in the litigation." *Id.* at *2.

The cases Corvias cites are to the same effect. The Middle District declined to strike allegations in *Simaan, Inc. v. BP Products N. Am., Inc.*, because the allegations placed the defendant's alleged "behavior in its full context." 395 F. Supp. 2d 271, 279–80 (M.D.N.C. 2005). This Court has stricken declaratory judgment claims only when they are fully duplicative of statutory claims—where the declaratory judgment count sought a declaration that the defendant had "violated the statutory rights" of the plaintiff. *Billips*, 2011 WL 4829401, at *2. Along the same lines, the District of South Carolina has stricken declaratory judgment counterclaims that were fully duplicative of statutory trademark claims. *Monster Daddy LLC v. Monster Cable Products, Inc.*, 2010 WL 4853661, at *5 (D.S.C. Nov. 23, 2010).

B. <u>Navigators's Counterclaim Raises Important and Unique Issues</u>.

Both counts of Navigators's Counterclaim meaningfully add to this litigation, seeking consequential relief.

Counterclaim Count I seeks a judicial declaration that Navigators had no conflict of interest *vis a vis* Corvias that would entitle Corvias to independent counsel. Counterclaim at 17–18. Corvias says this is duplicative of its own Count II, but Corvias is mistaken. Corvias's Count II offers three independent theories of breach of contract, only two of which require that this Court find a conflict of interest. Compl. ¶ 54. Thus, this Court could fully resolve Corvias's Count II without resolving the parties' dispute over the existence (or lack) of a conflict of interest. That leaves the "possibility" that the claims and counterclaims do not fully overlap, which is enough to deny Corvias's motion. *Scottsdale*, 2015 WL 4641530, at *1.

Counterclaim Count II alleges that Corvias "omitted" another insurance carrier "from their complaint," and it seeks a judicial declaration that "Navigators is obligated to pay only its fair and proportionate share of the covered costs." Counterclaim at 18–19. Corvias responds that this counterclaim is "an exact duplicate" of Navigators's third-party complaint against the fourth insurer. Mem. at 9. **First**, Navigators has not yet filed its third-party complaint, so the Counterclaim cannot be redundant. *See generally* Motion for Leave [D.E. 35]. Navigators's motion for leave to file its third-party complaint remains pending. **Second**, the Counterclaim and the third-party claim seek different relief—the Counterclaim sought a limitation of Navigators's debt in this action, but the third-party complaint would seek to require the fourth insurer to pay its share. These are related forms of relief (if Navigators pays less, then Chubb should pay more), but they are not coterminous. This Court could order one form of relief without ordering the other.

Navigators is not doing what federal courts in this Circuit have stricken. This case would be like *Billips* or *Monster Daddy* if Navigators had served a counterclaim asking for a declaration that Navigators did not breach its insurance policy. That declaration would be fully coterminous with Corvias's claim for breach of contract; they would be opposite results of precisely the same claim. But Navigators has not done that; Navigators has raised specific legal issues about which the parties have a genuine and active dispute. This Court should adjudicate that dispute.

Regardless, Corvias has not shown a shred of prejudice from litigating the declaratory relief sought in the Counterclaim. Corvias cannot point to a single dollar they would have to spend (apart from the time they've spent moving to strike) because the Counterclaim is part of this case. It is perhaps telling that in a case about whether Corvias's self-directed defense costs were reasonable and necessary, Corvias has found it reasonable or necessary to move to strike a Counterclaim that

causes Corvias no harm at all. This Court should use its considerable discretion to deny Corvias's motion.

III. Conclusion

For all the reasons set forth above, the Court should deny Corvias's motion to strike.

Dated: April 2, 2025

Respectfully submitted,

 /s/ D.J. O'Brien III  
D.J. O'Brien III  
N.C. State Bar No. 35481  
dobrien@brookspierce.com  
BROOKS, PIERCE, MCLENDON,  
HUMPHREY & LEONARD, LLP  
1700 Wells Fargo Capitol Center  
150 Fayetteville Street  
Raleigh, NC 27601  
Tel. (919) 839-0300  
Fax: (919) 839-0304  

*Attorney for Defendant*  
*Navigators Specialty Insurance Company*