IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-658-D

| | |
|---|---|
| CORVIAS MANAGEMENT-ARMY, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) ) ) **ORDER** |
| NAVIGATORS SPECIALITY INSURANCE COMPANY, | ) ) ) ) |
| Counterclaimant, | ) ) ) |
| v. | ) ) ) |
| CORVIAS MANAGEMENT-ARMY, LLC, et al., | ) ) ) ) |
| Counterclaim Defendants. | ) |

On November 20, 2024, Corvias Management-Army, LLC ("Corvias"), Airborne Communities, LLC, f/k/a Bragg Communities, LLC ("Airborne"), Corvias Group, LLC, ("Corvias Group"), Airborne Managing Member, LLC, f/k/a Bragg Picerne Partners, LLC ("Airborne Managing Member"), Corvias Military Living, LLC ("Corvias Military Living"), and Corvias Construction, LLC ("Corvias Construction") (collectively, "plaintiffs" or "counterclaim defendants") filed a complaint against Philadelphia Indemnity Insurance Company ("Philadelphia"), Navigators Specialty Insurance Company ("Navigators" or "counterclaimant")

and Evanston Insurance Company ("Evanston") (collectively, "defendants") [D.E. 1]. On November 22, 2024, plaintiffs filed a corrected complaint [D.E. 8]. In their complaint, plaintiffs assert claims for breach of contract against Philadelphia ("count one"), Navigators ("count two"), and Evanston ("count three"). See id. at ¶¶ 43–63.

On January 27, 2025, Evanston answered plaintiffs' complaint [D.E. 28]. On February 3, 2024, Philadelphia answered plaintiffs' complaint [D.E. 31]. On February 10, 2025, Navigators answered plaintiffs' complaint and asserted two counterclaims for declaratory judgment [D.E. 33]. That same day, Navigators and Philadelphia moved for leave to file a third-party complaint against Illinois Union Insurance Company ("Chubb") [D.E. 34] and filed a redacted memorandum [D.E. 35] and proposed sealed memorandum in support [D.E. 36].[1] Plaintiffs did not respond to Navigators and Philadelphia's motion for leave to file a third-party complaint.

Under Federal Rule of Civil Procedure 14(a)(1), a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defendant must receive the court's leave to file a "third-party complaint more than 14 days after serving its original answer." Id. District courts have broad discretion over motions for leave to file a third-party complaint. See Noland Co. v. Graver Tank & Mfg. Co., 301 F.2d 43, 50 (4th Cir. 1962); Turner v. Harmon, No. CV 20-2328, 2021 WL 1219515, at *2 (D. Md. Mar. 31, 2021) (unpublished). Courts regularly grant leave to file a third-party complaint because courts have "a strong interest in promoting efficiency by trying related claims together." Boughter v. Bay Shore Dev. Corp., No. 08-CV-0424, 2009 WL 10682156, at *1 (D. Md. Feb. 11, 2009) (unpublished). Accordingly, a court should grant a

---

[1] The court grants Navigators and Philadelphia's motion to seal their memorandum in support [D.E. 37].

2

"motion for leave to file a third[-]party complaint . . . unless undue delay or complication of the trial would result." Trs. of Loc. 24 Pension v. Gamble Insulation Co. Inc., No. CV 04-291, 2005 WL 8174498, at *1 (D. Md. Aug. 23, 2005) (unpublished).

The court has reviewed the complaint, Navigators's answer and counterclaims, and Navigators and Philadelphia's motion for leave to file a third-party complaint. Navigators and Philadelphia seek to implead Chubb, who they allege is also liable to plaintiffs under the contract at issue in plaintiffs' complaint. See [D.E. 35] 3–6. Plaintiffs do not oppose Navigators and Philadelphia's motion. The motion satisfies Rule 14, and the court grants leave for Navigators and Philadelphia to file a third-party complaint against Chubb.

On March 19, 2025, plaintiffs moved strike Navigators's counterclaims as redundant and immaterial [D.E. 43] and filed a memorandum in support [D.E. 44]. See Fed. R. Civ. P. 12(f). On April 2, 2025, Navigators responded in opposition [D.E. 45].

Motions to strike "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (cleaned up); see Brown v. Inst. For Fam. Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005). When presented with a motion to strike, "the court must view the pleading under attack in a light most favorable to the pleader." Clark v. Milam, 152 F.R.D. 66, 71 (S.D. W. Va. 1993). "[T]he decision of whether to strike all or part of a pleading rests within the sound discretion of the [c]ourt." Barnes v. District of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012) (citations omitted). "Rule 12(f) empowers courts to strike immaterial matter to promote judicial efficiency and avoid needless expenditure of time and money." Gibson v. Confie Ins. Grp. Holdings, Inc., 2017 WL 2936219, at *12 (D.S.C. July 10, 2017) (unpublished). Appellate courts review such decisions for abuse of discretion.

3

Appellate courts will not overturn decisions concerning motions to strike that "are reasonable, that is, not arbitrary." Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 F. App'x 239, 246–47 (4th Cir. 2007) (unpublished).

The court has reviewed the pleadings, plaintiffs' motion to strike, and the parties' arguments. For the reasons stated in Navigators' response in opposition to plaintiffs' motion to strike, see [D.E. 45] 2–6, the court denies plaintiffs' motion to strike Navigators' counterclaims.

In sum, the court GRANTS Navigators' and Philadelphia's motion to leave to file a third-party complaint [D.E. 34] and motion to seal [D.E. 37], and DENIES plaintiffs' motion to strike [D.E. 43].

SO ORDERED. This 15 day of July, 2025.

JAMES C. DEVER III
United States District Judge